SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

Burton G. FRIEDLANDER, Friedlander International Limited, Friedlander Management Limited, Opal International Fund, Friedlander Limited Partnership, Friedlander Capital Management Corporation, Defendants–Appellants.

Docket No. 01–6273.

United States Court of Appeals, Second Circuit.

Oct. 29, 2002.

William M. Pinzler, New York, NY, for Appellants.

Hope Hall Augustini, Senior Litigation Counsel, for Eric Summergrad, Deputy Solicitor, David M. Becker, General Counsel, and Meyer Eisenberg, Deputy General Counsel, of counsel; Securities and Exchange Commission, Washington, DC, for Appellee.

Present LEVAL, CALABRESI and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the

District Court be and it hereby is AF-FIRMED.

Defendants–Appellants appeal from an order of the United States District Court for the Southern District of New York (Wood, *J.*) granting the Securities and Exchange Commission's ("SEC") request for a preliminary injunction. The order enjoins defendant Burton G. Friedlander from violating federal securities law and appoints a receiver to take control of the defendant entities. We conclude that the district court did not abuse its discretion in issuing the preliminary relief, and therefore affirm its order.

## BACKGROUND

On May 31, 2001, the SEC filed a complaint against Mr. Friedlander and various entities under his control, alleging that Mr. Friedlander had over a period of several months fraudulently misrepresented and inflated the net asset value of Friedlander International Limited ("FIL"), an offshore hedge fund under his management, in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5; and the Investment Advisors Act of 1940, 15 U.S.C. § 80b–6. Simultaneously with the filing of its complaint, the SEC filed a motion for a preliminary injunction, appointment of a receiver, and a freeze on $1,000,000 of Mr. Friedlander's assets.

At an initial hearing, in June 2001, the district found that the SEC had made out a prima-facie case of securities law violations. The court nevertheless declined to issue the proposed preliminary injunction and the other relief sought in light of (1) Mr. Friedlander's pledge "not to take more money out [of FIL] without further

court order; (2) an agreement by Mr. Friedlander to report daily to the SEC on the position of the hedge fund; and (3) the parties' agreement (prompted by the court) to solicit the investors' opinions as to how they would like the securities that remained in the fund and that still had value to be disposed. (A large block of stock in a thinly traded corporation, ParkerVision, Inc, constituted the only securities of significant value in the fund.) Unable to reach consensus over the content of the letter that was to go to the investors, the parties returned to district court on July 19, 2001. The court largely endorsed the SEC's position. It authorized the SEC to send the letter and ballot itself, to include with the letter and ballot a copy of the complaint in the present lawsuit, and to use a ballot that asked whether the investor-respondent would like Mr. Friedlander or a court-appointed financial manager to liquidate the investor's pro-rata share of the Parkervision stock.

On August 3, 2001, the SEC informed the court and Mr. Friedlander's lawyers that it had received responses from 11 of the 21 investors. Three respondents sought distribution of the ParkerVision shares; the balance requested liquidation, with all but one asking that a court-appointed receiver handle the disposition rather than Mr. Friedlander. A week later, the SEC notified the court and opposing counsel of responses from four additional investors. Two sought distribution of the ParkerVision shares, one favored cash distribution after liquidation by a court-appointed market professional, and the fourth stated an intention not to respond.

On October 9, 2001, the SEC renewed its motion for a preliminary injunction and appointment of a receiver.[1] It asserted

---

1. The SEC did not renew its request to freeze Mr. Friedlander's assets.

that it had learned (1) that Mr. Friedlander, although knowing that a majority of investors did not want his involvement in further liquidation, had privately negotiated and consummated a deal to sell roughly two-thirds of the remaining ParkerVision stock and had done so without notifying the court or the SEC; (2) that Mr. Friedlander had attempted to withdraw $11,900 from the hedge fund, without a court order, allegedly to pay for administrative and accounting services; and (3) that the defendants had failed to produce the hedge fund's books and records. The district court granted the motion. The court reasoned that preliminary relief was "necessary ... to effectuate the purposes of the federal securities laws," given the "fraudulent nature of defendants' past violations," the "lack of information necessary to a complete understanding of the current situation" (apparently due to difficulties in obtaining discovery of the books and records), and the failure of Mr. Friedlander "to honor written expressions of investor preferences without advising the Court that he was going to disregard them." Tr. of hearing on Dec. 10, 2001, at 68. (JA 559) This appeal followed.

## DISCUSSION

We review a district court's grant of a preliminary injunction and appointment of a receiver for abuse of discretion. *Bristol–Myers Squibb Co. v. McNeil–P.P.C., Inc.*, 973 F.2d 1033, 1038 (2d Cir.1992); *SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir.1987). The district court took a measured approach to preliminary relief in the present case, giving Mr. Friedlander the benefit of the doubt initially, and only imposing an injunction and appointing a receiver after he failed to act in accordance with commitments he had made to the court. In granting the SEC's renewed motion, the court carefully considered the costs of a receiver, and weighed the equities with care. We appreciate that Mr. Friedlander believes the block sale of ParkerVision stock to have been financially prudent. But that is not the issue before us. Mr. Friedlander did not act as the court had entrusted him to act, and did not seek leave of the court to act otherwise. Under the circumstances, the court was well within its discretion to relieve Mr. Friedlander of the task of dismantling the balance of the hedge fund.

We have considered the appellants' remaining arguments, and find them meritless. Accordingly, the judgment of the district court is AFFIRMED.