24-1973-cv(L)
*Stadtmauer v. Court-Appointed Receiver*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-five.

PRESENT:     DENNY CHIN,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

---

RICHARD STADTMAUER,

    *Interested Party-Appellant*,

UNITED STATES SECURITIES &
EXCHANGE COMMISSION,

    *Plaintiff,*

        v.                                          24-1973-cv(L);
                                                        24-2016-cv(Con.)

DANIEL SMALL; DAVID LEVY; JOSEPH
SANFILIPPO,

    *Defendants-Appellees,*

COURT-APPOINTED RECEIVER,

   *Receiver-Appellee*,

UNITED STATES ATTORNEY'S OFFICE
FOR THE EASTERN DISTRICT OF NEW
YORK,

   *Intervenor*,

PLATINUM MANAGEMENT (NY)
LLC; PLATINUM CREDIT MANAGEMENT,
L.P.; MARK NORDLICHT; URI
LANDESMAN; JOSEPH MANN; JEFFREY
SHULSE; DEAN GRAYSON,

   *Defendants*.

---

FOR INTERESTED PARTY-APPELLANT:  NATHANIEL J. KRITZER, Steptoe LLP,
New York, NY.

FOR RECEIVER-APPELLEE:  PETER FELDMAN (Erik B. Weinick, *on the brief*), Otterbourg P.C., New York, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 19, 2024, and July 23, 2024, orders of the District Court are **AFFIRMED**.

This is an interlocutory appeal brought by Interested Party Richard Stadtmauer,

who holds a general unsecured claim against certain entities placed in receivership by the District Court. Stadtmauer challenges the District Court's approval of the Court-Appointed Receiver's decision to settle indemnification claims by former officers of the entities now in receivership. According to Stadtmauer, the settlement agreements unfairly prioritize the officers' claims and violate the terms of his own earlier settlement agreement with the Receiver. As explained below, we find no abuse of discretion and we thus affirm.[1]

## I. Background

Platinum Partners ("Platinum") was a New York hedge fund that managed over $1 billion in assets. On December 14, 2016, an indictment was issued charging Platinum executives and officers, including David Levy, Daniel Small, Joseph SanFilippo, and others, with perpetrating schemes to defraud investors in violation of federal law (the "Criminal Action"). Five days later, the U.S. Securities and Exchange Commission ("SEC") initiated this parallel action by filing a civil complaint accusing Platinum Management (NY) LLC, Platinum Credit Management, L.P., and various individual insiders, including Levy, Small, and SanFilippo, of violating federal securities law. On the SEC's motion, the District Court placed a number of Platinum-related entities (collectively, the "Receivership Entities") into receivership.[2]

---

[1] We assume the parties' familiarity with the underlying facts and issues, to which we refer only as necessary to explain our decision to affirm.

[2] As of this writing, the entities in receivership are Platinum Credit Management, L.P., Platinum Partners Credit Opportunities Master Fund L.P., Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC,

Shortly after the Receiver's appointment, Levy, Small, and SanFilippo demanded advance payment from the receivership estate for legal fees incurred in connection with the Criminal Action. They argued that the Receivership Entities' governing agreements established their right, as former officers, to both indemnification and advancement. When the Receiver refused, Levy, Small, and SanFilippo sought relief from the District Court. On November 25, 2018, the District Court denied the motions. *See SEC v. Platinum Mgmt. (NY) LLC,* No. 1:16CV06848(BMC), 2018 WL 6172404, at *1 (E.D.N.Y. Nov. 25, 2018). The District Court acknowledged that Levy, Small, and SanFilippo were "covered by various provisions in Platinum Partners internal documents giving them rights in connection with getting their lawyers paid. They differ in terms of whether the payment of fees is permissive or mandatory, and whether they require advancement of legal fees or merely reimbursement." *Id.* at *1. Nevertheless, the District Court concluded, "[u]nder Delaware law, claims for advancement of legal fees are treated the same as the claims of other unsecured creditors," and "the former officers' rights to advancement of legal fees do not have priority over the claims of unsecured creditors." *Id.* at *3, *5.

On July 9, 2019, following a jury trial, SanFilippo was acquitted of all criminal

---

Platinum Partners Credit Opportunity Fund (BL) LLC, Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity Fund (USA) L.P., Platinum Partners Liquid Opportunity Master Fund L.P., Platinum Partners Credit Opportunities Fund International Ltd., and Platinum Partners Credit Opportunities Fund International (A) Ltd.

charges.  The jury acquitted Levy on five counts and convicted him on three.[3]  Post-trial, the District Court granted Levy's Rule 29 motion for acquittal on all counts of conviction.  *See United States v. Nordlicht*, No. 1:16CR00640(BMC), 2019 WL 4736957, at *1 (E.D.N.Y. Sept. 27, 2019).  Shortly thereafter, SanFilippo and Levy moved in this action for indemnification.  The District Court denied the motion in a text order, stating: "Although SanFilippo's and Levy's acquittals undoubtedly entitle them to payment by the Platinum Partners entities, the Court will still not permit them to jump the line in front of other deserving creditors. . . . [T]hese are just two unsecured claims among many and they must wait for any payment alongside the other unsecured creditors."  App'x at 76.

Meanwhile, in March 2019, Levy, Small, SanFilippo, and their attorneys (collectively, the "Indemnification Claimants") and Stadtmauer each filed claims asserting a right to payment against the Receivership Entities.  On March 9, 2021, the Receiver filed a Claims Analysis Report setting forth her determination of the 334 claims filed by 89 claimants against the Receivership Entities.  With respect to Stadtmauer, the Receiver determined that the Receivership Entities did not have any liability to Stadtmauer because he was an investor, not a creditor.  Stadtmauer objected, and the parties ultimately reached a settlement (the "Stadtmauer Agreement") under which the Receiver allowed Stadtmauer, as relevant here, a general unsecured claim in the amount

---

[3] SanFilippo and Levy were tried separately from Small.  *See United States v. Nordlicht*, No. 1:16CR00640(BMC), 2019 WL 4736957, at *1 (E.D.N.Y. Sept. 27, 2019), *vacated and remanded sub nom. United States v. Landesman*, 17 F.4th 298 (2d Cir. 2021).

of $12,155,072.96, "which shall be classified under the Receiver's plan of distribution in the Receivership Case with the same priority as other general unsecured claims." App'x at 390. With respect to the Indemnification Claimants, the Claims Analysis Report recommended only partially allowing their claims. The Indemnification Claimants objected but, unlike Stadtmauer, did not reach a settlement with the Receiver at that time. On November 12, 2021, the Receiver moved to confirm her determinations ("Confirmation Motion"). As of this writing, the Confirmation Motion remains pending.

On November 5, 2021, just a few days prior to the Receiver's filing of the Confirmation Motion, a panel of this Court vacated the District Court's order granting Levy's Rule 29 motion for acquittal in the Criminal Action. *See United States v. Landesman*, 17 F.4th 298, 304-05 (2d Cir. 2021). On remand, Levy renewed his Rule 29 and Rule 33 motions. The District Court denied Levy's motions on May 10, 2022, and Levy appealed. *See United States v. Nordlicht*, No. 1:16CR00640(BMC), 2022 WL 1469393, at *1 (E.D.N.Y. May 10, 2022). Small, in turn, proceeded to trial in August 2022; he was acquitted on one count and convicted on two. After the District Court denied his Rule 29 and Rule 33 motions, Small likewise appealed. At the time of this writing, Levy's and Small's criminal appeals are pending before this Court in a consolidated appeal.

On March 13, 2024, the Receiver reached a settlement with SanFilippo and his attorneys under which they agreed to reduce their claim by over 80% in exchange for immediate payment. In the ensuing months, the Receiver reached similar settlements

6

with Levy and Small and their attorneys.   The Receiver sought District Court approval of the three settlement agreements, which would, in total, reduce the Indemnification Claimants' claims from $34,460,901.80 to $4,475,000.00, a reduction of about 87%. The Receiver argued that the agreements were "fair, reasonable, and beneficial to the Receivership Estate."   App'x at 472.   Stadtmauer lodged the only objection to the settlements; the District Court overruled the objection and approved all three agreements.

## II.      Standard of Review

"District courts possess broad power to remedy violations of federal securities laws," and that power extends to approving both distribution plans and settlement agreements.   *Eberhard v. Marcu*, 530 F.3d 122, 131 (2d Cir. 2008). "Because most receiverships involve multiple parties and complex transactions, the district court's power to supervise a receivership is extremely broad, and appellate scrutiny is narrow."   *CCWB Asset Invs., LLC v. Milligan*, 112 F.4th 171, 178 (4th Cir. 2024) (citation and quotation marks omitted).   Accordingly, we generally review district court decisions in connection with receivership actions only for abuse of discretion.   *See*, *e.g.*, *Commodity Futures Trading Comm'n v. Walsh*, 712 F.3d 735, 749 (2d Cir. 2013) (reviewing receivership distribution plan for abuse of discretion); *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80, 82-83 (2d Cir. 2002) (affirming approval of distribution plan as "within the equitable discretion of the District Court"); *SEC v. Friedlander*, 49 F. App'x 358, 360 (2d Cir. 2002) (summary order) (reviewing appointment of receiver and grant of preliminary injunction for abuse of discretion).   Likewise, we routinely review a district court's

7

approval or "denial of a settlement agreement" – including in an SEC enforcement action – "under an abuse of discretion standard." *SEC v. Citigroup Glob. Mkts, Inc.*, 752 F.3d 285, 291 (2d Cir. 2014).

A district court has abused its discretion if it "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Walsh*, 712 F.3d at 749-50 (citation and quotation marks omitted).

## III.   Analysis

Stadtmauer contends that by approving the settlements with the Indemnification Claimants the District Court elevated the Indemnification Claimants' claims above his own in violation of the Stadtmauer Agreement. According to Stadtmauer, under his agreement, "[e]levating 20% or more of the [Indemnification Claimants'] claims was not allowed unless Mr. Stadtmauer's claim was given the same priority." Appellant's Br. at 18.

We disagree. Although the Stadtmauer Agreement states that his claim "shall be classified under the Receiver's plan of distribution in the Receivership Case with the same priority as other general unsecured claims," App'x at 390, that does not prevent the Receiver from strategically settling certain claims before issuing a distribution plan. The District Court's Order Establishing Claims and Interests Reconciliation and Verification Procedures expressly states that "the Receiver may, in her sole discretion, settle and compromise any Disputed Claim or Disputed Interest on terms and for reasons that she

8

deems, in her business judgment, to be appropriate." Supp. App'x at 659. In fact, the Receiver relied on the same authority in reaching the Stadtmauer Agreement; Stadtmauer possessed an investment interest worth $17,124,832.00, which the Receiver agreed to reclassify as a general unsecured claim worth $12,155,072.96, and a subordinated unsecured claim worth $4,969,759.04. *See* App'x at 389. That agreement may well have affected other parties – indeed, it must surely have affected those who already had unsecured claims – but the Receiver was entitled to make it.

Next, Stadtmauer argues that the District Court's order approving the Indemnification Claimants' settlements effectively gave those claims priority, and thereby "violated the equitable principles that govern such priorities in SEC-created receiverships." Appellant's Br. at 19. In support, Stadtmauer cites cases "exclud[ing] from recovery entirely" parties named as defendants in the underlying SEC action. *Id.* at 21. But these cases do not *require* that such parties be excluded from distribution; they merely confirm that a court may elect to exclude such parties. The District Court determined that the settlement agreements would benefit the receivership estate, and Stadtmauer fails to explain how any alleged equitable considerations override that benefit.

Finally, Stadtmauer takes issue with the proposition, offered by the Receiver and adopted by the District Court, that "if not for these settlements, it is possible that these other creditors and investors would not receive any distributions at all." *SEC v. Platinum Mgmt. (NY) LLC*, 2024 WL 3517443, at *1 (E.D.N.Y. July 19, 2024).

9

Stadtmauer argues that giving the Indemnification Claimants "priority over 20% of their claim where a *pro rata* distribution on 100% of the nominal claim value would have given them pennies on the dollar does not increase funds available to other creditors, it reduces them." Appellant's Br. at 23. This argument, however, fails to rebut, or even acknowledge, the Receiver's determination that continuing to litigate with the Indemnification Claimants would deplete remaining assets. *See* App'x at 472 (Receiver's Declaration: "I believe that approval of the Settlement Agreements . . . greatly outweighs the motion practice, the litigation, and the attendant cost, delay, and inconvenience to the Receivership Estate, as well as the Court, that would result if the Settlement Agreements are not approved.").[4] It also fails to grapple with the Receiver's evaluation of litigation risk regarding the issue of priority. The Receiver asserted that there was a "possibility that [the Indemnification Claimants'] claims could be afforded priority status over other creditors and investors," and that risk was avoided by the settlement agreements. App'x at 473.

In sum, we conclude that the District Court did not abuse its discretion by approving the settlement agreements. As aptly put by the Fourth Circuit, "when funds are limited, hard choices must be made. Here, the district court diligently considered, and approved, those choices. In so doing, it remained well within its discretion." *CCWB Asset Invs.,* 112 F.4th at 180 (citation and quotation marks omitted).

---

[4] As noted above, two of the defendants are still litigating their criminal cases, and legal fees that would potentially be subject to indemnification, absent the settlement agreements, presumably continue to accrue.

10

We have considered Stadtmauer's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court